UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ORTIZ,

    Appellant,

v.

FRANK R. KANE, and HOWARD
AVENUE STATION, LLC,

    Appellees.
_____/

Case No: 8:21-cv-00431-CEH

Bankr. Pro. No. 8:12-bk-08821-CPM

### APPELLANT THOMAS ORTIZ'S MOTION TO TRANSFER APPEAL

Appellant Thomas Ortiz, pro se, pursuant to Middle District Local Rule 1.04(b), hereby moves to transfer this appeal, and in support hereof states as follows:

1. In this appeal, I have appealed Doc 1240 entered by the Bankruptcy Court on January 19, 2021, which is an ORDER DENYING MOTION TO AMEND "ORDER ON MOTION FOR CLARIFICATIONS: SUPPLEMENTING ORDERS AT DOCKET NOS. 1111 AND 1115" (DOC. 1204) ENTERED ON NOVEMBER 10, 2020 ("Order Denying Motion to Amend"), which is attached hereto as Exhibit "A".

2. The Order Denying Motion to Amend **denied** Doc 1230 filed on December 2, 2020, which is a Motion to Amend "Order on Motion for Clarification: Supplementing Orders at Docket Nos. 1111 and 1115" (Doc. 1204) Entered on November 10, 2020 ("Motion to Amend Order"). The Motion to Amend Order, Doc 1230, is attached hereto as Exhibit "B".

3. Exhibits "A" and "B", attached hereto, reflect that this appeal concerns (i) the landlord's, Frank Kane's ("Mr. Kane"), breach of his maintenance and repair obligations under his lease agreement with the tenants, who are the Debtor, Howard Avenue Station, LLC ("Debtor"), and me, (ii) Mr. Kane's refusal to timely make repairs to the roof and structure of the 309 Howard Avenue Building

1

("Building") resulting in it being condemned and the restaurant operating in the Building being forced to cease operations, which cessation continues to this day, (iii) whether the Building is and has been untenantable under Florida Statutes section 83.201 and the consequences thereof, (iv) the payment of adequate protection to Mr. Kane, (v) how much rent is owed under the lease, and (vi) Mr. Kane's misrepresentations to the Bankruptcy Court that he had completed all required repairs, when, in fact, he had not, which resulted in the Building remaining untenantable and being red-tagged and condemned again.

4. Pending right now before The Honorable William Jung, in Case No: 8:19-cv-02490-WFJ, is an appeal of (I) Doc 1007, which is an <u>Order Granting Emergency Motion to Abate the Payment of Adequate Protection to Frank R. Kane</u> ("Order to Abate") entered by the Bankruptcy Court on July 12, 2019, and (II) Doc 1017, which is an <u>Order Denying Thomas Ortiz's Motion for Rehearing or Modification of Order Granting Emergency Motion to Abate Adequate Protection Payments to Frank R. Kane</u> ("Rehearing Order") entered by the Bankruptcy Court on August 28, 2019.

5. The <u>Order to Abate</u>, Doc 1007, entered by the Bankruptcy Court on July 12, 2019 is attached hereto as Exhibit "C". The <u>Rehearing Order</u>, Doc 1017, entered by the Bankruptcy Court on August 28, 2019 is attached hereto as Exhibit "D".

6. Exhibits "C and "D", attached hereto, reflect that the appeal before The Honorable William Jung, in Case No: 8:19-cv-02490-WFJ, <u>also</u> concerns (i) the landlord's, Frank Kane's ("Mr. Kane"), breach of his maintenance and repair obligations under his lease agreement with the tenants, the Debtor and me, (ii) Mr. Kane's refusal to timely make repairs to the roof and structure of the Building resulting in it being condemned and the restaurant operating in the Building being forced to cease operations, which cessation continues to this day, (iii) whether the Building is and has been untenantable under Florida Statutes section 83.201 and the consequences thereof, (iv) the payment of adequate protection to Mr. Kane, (v) how much rent is owed under the lease, and (vi) Mr. Kane's

misrepresentations to the Bankruptcy Court that he had completed all required repairs, when, in fact, he had not, which resulted in the Building remaining untenantable and being red-tagged and condemned again.

7. Therefore, the appeal before The Honorable William Jung, in Case No: 8:19-cv-02490-WFJ, <u>and</u> this appeal involve common questions of law and fact.

8. Middle District Local Rule 1.04(b) provides that "[i]f cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases."

9. In accordance with Middle District Local Rule 1.04(b), because the appeal before The Honorable William Jung, in Case No: 8:19-cv-02490-WFJ, <u>and</u> this appeal are related in that they involve common questions of law and fact, as stated above, but are not all assigned to the same judge, this appeal which is not assigned to the "the judge assigned to the first-filed among the related cases", should be transferred to "the judge assigned to the first-filed among the related cases", which is The Honorable William Jung and his division.

10. It is my belief, that since, Case No: 8:19-cv-02490-WFJ, which is "the first-filed among the related cases", is assigned to The Honorable William Jung, this appeal should be transferred to The Honorable William Jung and his division, in accordance with Middle District Local Rule 1.04(b), since this appeal is not presently assigned to The Honorable William Jung and his division.

11. The transfer of this case, in accordance with Middle District Local Rule 1.04(b), will preserve judicial resources. Furthermore, no party will be harmed, nor lose any of rights, as a result of the transfer of this case.

12. In accordance with Middle District Local Rule 1.04(b), I have reached out to the other parties to this appeal to find out whether they agree that this appeal should be transferred to The

Honorable William Jung and his division, as requested herein. The Debtor's counsel has advised that it agrees to such transfer. I have reached to Mr. Frank Kane's counsel, on two seperate occasions over 5 days, as to whether he agrees or not, but as of the date of this filing, I have yet not received any response from his counsel.

    WHEREFORE, Appellant Thomas Ortiz, pro se, hereby requests that the Court enter an Order: (i) transferring this appeal to The Honorable William Jung and his division, in accordance with Middle District Local Rule 1.04(b), and (ii) granting such other and further relied as the Court deems appropriate.

    Respectfully submitted,

/s/ Thomas Ortiz
THOMAS ORTIZ
303 S. Melville Ave.
Tampa, Florida 33606
(813) 714-8085

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this   26    day of  March 2021, true and correct copies of the foregoing has been served on the following:

United States Trustee, Timberlake Annex, Suite 1200, 501 E. Polk St., Tampa, FL 33602;

Stuart J Levine, 601 Bayshore Blvd., Suite 720, Tampa, FL 33606;

Amy Denton Harris, 110 East Madison Street, Suite 200, Tampa, FL 33602;

Eric D. Jacobs, GENOVESE JOBLOVE & BATTISTA, P.A.,100 N. Tampa Street, Suite 1645,, Tampa, FL 33602;

and any other parties who receive electronic notices via CM/ECF in the ordinary course of business.