UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

HOWARD AVENUE STATION, LLC,

      Debtor.

_____/

Case No. 8:12-bk-8821-CPM

Chapter 11

**FRANK KANE'S MOTION TO STRIKE THOMAS ORTIZ'S
STATEMENT OF ISSUES TO BE PRESENTED AND DESIGNATION OF
RECORD ON APPEAL RELATING TO CASE NO. 8:21-cv-00431-CEH
[ECF Nos. 1299 and 1300]**

Creditor, FRANK KANE ("Kane"), by his undersigned counsel, files this Motion to Strike (the "Motion") in response to (1) *Appellant Thomas Ortiz's Statement of Issues to be Presented in Appeal Before the District Court Case No. 8:21-cv-00431-CEH* [ECF No. 1299] (the "Statement of Issues") and (2) *Thomas Ortiz's Designation of Record on Appeal* [ECF No. 1300] (the "Designations") filed by Thomas Ortiz ("Ortiz") on May 10, 2021. In support of the Motion, Kane states as follows:

## JURISDICTION

1.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). The legal predicates for the relief sought herein are Rule 8006 of the Federal Rules of Bankruptcy Procedure and Rule 10(e) of the Federal Rules of Appellate Procedure. *See also, Amedisys, Inc. v. JP Morgan Chase Manhattan Bank (In re Nat'l Cen. Fin. Enter., Inc.),* 334 B.R. 907 (Bankr. S.D. Ohio 2005). Consideration of the Motion to Strike is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. 1409(a).

## **BACKGROUND**

2.     On June 6, 2012, Howard Avenue Station, LLC (the "Debtor" and/or "HAS") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

3.     Subsequently, the following related adversary proceedings were initiated: Case No. 8:12-ap-00815 (the "Reformation Adversary"); Case No. 8:12-ap-00935 ("Dubliner Adversary"); and Case No. 8:14-ap-01070 (the "Damages Adversary") (collectively referred to as the "Adversary Proceedings").

4.     On January 19, 2021, this Court entered the Order Denying Motion to Amend "Order on Motion for Clarifications: Supplementing Orders at Docket Nos. 1111 and 1115" (Doc. 1204) Entered on November 10, 2020 [ECF No. 1240] (the "Order").

5.     On February 2, 2021, Ortiz appealed the Order. The appeal is currently pending before the Honorable Charlene Honeywell bearing Case No. 8:21-cv-00431-CEH (the "Appeal").

6.     On February 26, 2021, with a docketing date of March 1, 2021, this Court entered the Amended Order on Frank Kane's Motion to Dismiss and for Abstention [Adv. ECF No. 1028] in the Damages Adversary (the "Abstention Order"). The Abstention Order prohibits Ortiz from filing any further papers without a member in good standing with the Florida Bar signing the paper. *See Exhibit 1*.

7.     On May 10, 2021, Ortiz filed the Statement of Issues and the Designation. The Designation seeks to designate the record on appeal several months after the designations were due under Fed. R. Bankr. P. 8009(a). Specifically, the Designation seeks to include several items from not only the Bankruptcy Case, but each of the Adversary Proceedings as well.

<u>**ARGUMENT**</u>

8.      This Motion seeks to strike the Statement of Issues and the Designation in their entirety as the Designation is grossly untimely, irrelevant as to the Appeal, and does not comply with this Court's Abstention Order.

9.      The law governing the proper scope of a record on appeal is well settled and limits review to those items before the bankruptcy court in entering the order or judgment being appealed from. *See, e.g., In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.,* 389 B.R. 325 (S.D.N.Y. 2008).

    **A.**      **The Bankruptcy Court has Jurisdiction and Authority to Determine Whether the Designation Should be Stricken.**

10.     This Court is the appropriate forum to determine whether the Designation should be stricken.  Although the filing of a notice of appeal generally divests a bankruptcy court of jurisdiction to proceed with respect to matters raised by the appeal, actions in aid of the appeal, such as striking improper designations of records on appeal, remain within the bankruptcy court's authority. *WB, Ltd. v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.),* 142 B.R. 534, 535 (Bankr. N. D. Ga. 1992) (finding sufficient jurisdiction to adjudicate an appellee's motion to strike an appellant's designation on an appeal record).  *See also, Metro North State Bank v. The Barrick Group, Inc. (In re The Barrick Group, Inc.),* 100 B.R. 152, 154 (Bankr. D. Conn. 1989); *Amedisys, Inc. v. JP Morgan Chase Manhattan Bank (In re Nat'l Century Fin. Enter., Inc,)* 334 B.R. 907, 914 (Bankr. S.D. Ohio 2005) ("This Court agrees with the majority position[1] that the authority to strike items from a record on appeal rests within a bankruptcy court's jurisdiction. This determination undoubtedly assists the

---

[1] For minority position see, e.g. *In re Dow Corning Corp.,* 263 B.R. 544 (Bankr. E.D. Mich. 2001) and *Berge v. Sweet (In re Berge),* 37 B.R. 705 W.D. Wis. 1983). *See also,* Lawrence King, 10 Collier Bankruptcy, ffl 8006.03 (15th ed. 2004) (referring to the majority position as "better reasoned").

appellate process as an appellate tribunal will not be burdened with sifting through improper designations.").

11.      Moreover, appeals of orders from bankruptcy courts are governed by 28 U.S.C. § 158 which provides that such appeals shall be addressed in the same manner as civil proceedings appealed from district courts to the courts of appeals. 28 U.S.C. § 158 (c)(2); *see also In re Tobago Bay Trading Co.,* 142 B.R. at 536.  While the Federal Rules of Bankruptcy Procedure do not directly address motions to strike record designations, the Federal Rules of Appellate Procedure provides in pertinent part—

> (e) Correction or Modification of the Record.
>
> (1)  If any difference arises about whether the record truly discloses what occurred in the district court, the difference  must  be  submitted to and settled  by  that court and the record conformed accordingly.

Fed. R. App. P. 10(e)(1). Considering Rule 10(e) of the Federal Rules of Bankruptcy Procedure, the court in *Tobago Bay* concluded that because the bankruptcy court was the court in which the original record was made, the dispute between the parties as to the record should be submitted to and resolved by the bankruptcy court.  *In re Tobago Bay Trading Co.,* 142 B.R. at 536.

**B.      The Designation is Grossly Untimely.**

12.      The Appeal has been pending for nearly 3 months with little to no activity. Ortiz never sought an extension of time to file the designation of record on appeal, and the Court never ordered such other deadline for the designation to occur. Accordingly, it is inappropriate to designate the record in the Appeal.

13.      The Appeal was filed by Ortiz on February 2, 2021. Accordingly, Ortiz had until February 16, 2021 to file the designation of record on appeal. However, Ortiz failed to designate the record in the Appeal.

14. Ortiz, as appellant, has failed to file the designation of record on appeal required by Fed. R. Bankr. P. 8009(a), which states: "The appellant **must** file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after the notice of appeal is filed. Fed. R. Bankr. P. 8009(a)(1)(A), (B) (emphasis added).

15. Ortiz's deadline to comply with Rule 8009(a) expired on February 16, 2021. Appellant's failure to timely designate the record on appeal is grounds for dismissal. *See Lawrence v. Educ. Credit Mgmt. Corp.*, 522 F. App'x 836, 839 (11th Cir. 2013) ("If an appellant fails to take any necessary step in a bankruptcy appeal before the district court (except for timely filing a notice of appeal) . . . it is grounds 'for such action as the district court ... deems appropriate, which may include dismissal of the appeal.'").

16. The Designation should be stricken solely because they are 3 months past due, and Ortiz sought no extension of time to designate the record (or file his initial brief).

**C.    The Designation is Moot in Relation to the Initial Brief.**

17. In addition to the foregoing, Ortiz has also failed to comply with Rule 8018 of the Rules of Bankruptcy Procedure and Rule 1.05 of the Local Rules of the United States District Court for the Middle District of Florida by failing to file and serve his initial brief for the Appeal.

18. Ortiz has failed to file to serve and file a brief as required by Fed. R. Bankr. P. 8018(a)(1), which states: "The appellant **must** serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1) (emphasis added).

19. At the latest, Ortiz's deadline to comply with Rule 8018(a)(1) expired on March 25, 2021. As of the date of this Motion, Ortiz has yet to file his initial brief or seek an extension

of time to file such brief, and the deadline imposed by Rule 8018(a)(1), Fed. R. Bankr. P., is now well passed. Accordingly, Ortiz's request to designate the record is severely untimely and unnecessary as his time to file his initial brief has well expired.

**D.      The Abstention Order Prohibits Ortiz From Filing Without an Attorney Signing Off on the Paper**

20.      The Abstention Order was entered on February 26, 2021, with a docketing date of March 1, 2021. Counsel for Kane served the Abstention Order via First Class U.S. Mail to Ortiz on March 1, 2021. At the very latest, Ortiz became aware of the entry of the Abstention Order via mail on March 4, 2021.

21.      The Abstention Order specifically states as follows:

"Ortiz is prohibited from filing any further papers, causes of action of claims in the United States Bankruptcy Court without a member in good standing with the Florida Bar signing the paper, as having been prepared and/or reviewed with and/or by the assistance of counsel."

*See* Abstention Order ¶ 3.

22.      As of March 4, 2021, Ortiz has failed to comply with the requirements of the Abstention Order by filing the following documents without the assistance of an attorney:

| Date | Docket No. | Document Name | Case |
|------|------------|---------------|------|
| 3/13/2021 | 1034 | Notice of Appeal | Damages Adv. |
| 3/26/2021 | 264 | Notice of Filing | Reformation Adv. |
| 5/3/2021 | 1298 | Thomas Ortiz's Designation of Record on Appeal | Bankruptcy Case |
| 5/10/2021 | 1299 | Appellant Thomas Ortiz's Statement of Issues to be Presented in Appeal Before the District Court Case No. 8:21-cv-00431-CEH | Bankruptcy Case |
| 5/10/2021 | 1300 | Thomas Ortiz's Designation of Record on Appeal | Bankruptcy Case |

23.     Ortiz is no stranger to the bankruptcy court or the process of prosecuting a bankruptcy appeal. In fact, Ortiz has filed at least 10 different bankruptcy appeals within the last 2 years. Three of the appeals filed by Ortiz have been dismissed for being untimely. *See Composite Exhibit 2*.

24.     More importantly, on April 29, 2021, Honorable Tom Barber dismissed two more of Ortiz's appeals[2] for failure to comply with Fed. R. Bankr. P. 8009(a). *See Composite Exhibit 3*.

25.     For all of the foregoing reasons, the Statement of Issues and Designation relative to the Appeal should be stricken in their entirety, and the Appeal dismissed for failure to timely file the designation and initial brief.

WHEREFORE, Frank Kane, respectfully requests that this Court enter an order (i) granting the Motion; (ii) striking the Statement of Issues and the Designation as untimely and irrelevant; (iii) dismissing the Appeal; (iv) awarding Kane his attorney's fees and costs associated with the filing of this Motion; and (v) awarding such other and further relief the Court deems appropriate.

DATED: May 20, 2021.

GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel for Frank Kane*
100 N. Tampa Street, Suite 2600
Tampa, Florida 33602
Tel. (813) 439.3100
Fax (813) 439.3110

By:  */s/ Eric D. Jacobs*                         
        Eric D. Jacobs, Esq.
        Fla. Bar. No. 85992
        Email: ejacobs@gjb.law

---

[2] *See* Case Nos. 8:21-cv-00557-TPB, and 8:21-cv-00759-TPB.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 20, 2021, a true and correct copy of the foregoing document has been furnished via electronic mail to all registered users through the CM/ECF System, and via First Class U.S. Mail, postage prepaid, to

Thomas Ortiz
303 South Melville Avenue
Tampa, FL 33606

By: _/s/ Eric D. Jacobs_____
Eric D. Jacobs, Esq.

ORDERED.

**Dated:  February 26, 2021**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

HOWARD AVENUE STATION, LLC,

      Debtor.

_____/

HOWARD AVENUE STATION, LLC,

      Plaintiff,

and

THOMAS ORTIZ,

      Joined Plaintiff/Counter-Plaintiff,

v.

FRANK KANE,

      Defendant/Counter-Plaintiff.

_____/

FRANK KANE,

      Defendant/Counter-Plaintiff,

v.

THOMAS "TOMMY" ORTIZ; PNC

Case No. 8:12-bk-8821-CPM

Chapter 11

Adv. Proc. No. 8:14-ap-01070-CPM

Exhibit 1

INVESTMENTS, LLC a/k/a PNC, LLC;
THE BLOCK IN SOHO, LLC; and
VMOB, LLC,

      Counter-Defendants.

_____/

## AMENDED[1] ORDER ON FRANK KANE'S
## MOTION TO DISMISS AND FOR ABSTENTION
### [ECF No. 1002, 1007, 1012]

      THIS CASE came before the Court for hearing on February 11, 2021 at 10:00 A.M. upon

(A) *Frank Kane's Motion to Dismiss and for Abstention in Response to Thomas Ortiz's (I)*

*Response, Answer, and Affirmative Defenses to Frank Kane's Second Amended Proof of Claim,*

*Including Kane's More Definite Statement as to Thomas Ortiz's Breaches and Defaults [ECF*

*No. 1000], (II) Counterclaims, and (III) Demand for Jury Trial* [ECF No. 1007] (the "Motion to

Dismiss") filed by Frank R. Kane ("Kane"); (B) *Thomas Ortiz's (I) Response, Answer, and*

*Affirmative Defenses to Frank R. [Kane's] Second Amended Proof of Claim, Including Frank R.*

*Kane's Doc. 1000 Filed on November 20, 2020, Which is "Frank Kane's More Definite*

*Statement as to Thomas Ortiz's Breaches and Defaults [ECF Nos. 963, 975, 996]," (II)*

*Counterclaims, and (III) Demand for Jury Trial* [ECF No. 1002] (the "Response") filed by

Thomas Ortiz ("Ortiz"); and (C) *Thomas Ortiz's Response to ECF No. 1007* [ECF No. 1012][2]

(the "Reply") filed by Ortiz.

      The Court, having considered the Motion to Dismiss, the Response and the Reply, and

record in this case, having heard argument of counsel and the parties, and being otherwise duly

advised in the premises, for the reasons stated on the record in open court, it is,

_____

[1] Amends ECF No. 1025 solely to include the attached Exhibit A referenced herein.

[2] See ECF No. 1012 for full title of document.

**ORDERED AND ADJUDGED** that:

1.      The Motion to Dismiss is GRANTED in part as set forth herein.

2.      The Court shall abstain from hearing all counterclaims in *Thomas Ortiz's (I)*
*Response, Answer, and Affirmative Defenses to Frank Kane's Second Amended Proof of Claim,*
*Including Kane's More Definite Statement as to Thomas Ortiz's Breaches and Defaults [ECF*
*No. 1000], (II) Counterclaims, and (III) Demand for Jury Trial* [ECF No. 1002]. This is without
prejudice to Ortiz's right to assert any claims he may have in the appropriate forum.

3.      Ortiz is prohibited from filing any further papers, causes of action or claims in the
United States Bankruptcy Court without a member in good standing with the Florida Bar signing
the paper, as having been prepared and/or reviewed with and/or by the assistance of counsel.

4.      Counsel for Kane is to provide evidence that Ortiz agreed to litigate the Proof of
Claim, as amended, filed by Kane, as to Ortiz's liability for the same elements. Such evidence
shall be provided to whomever Ortiz is having sign his papers pursuant to paragraph 3 above.

5.      The Court ruled on the Answer and Affirmative Defenses [ECF No. 1000] filed
by Ortiz in response to Kane's Proof of Claim during the hearing on February 11, 2021. The
ruling with respect to each of the Affirmative Defenses is outlined in the hearing transcript
attached hereto as **Exhibit A**, and hereby incorporated.

***

*Eric D. Jacobs, Esq. is directed to serve copy of this order on interested parties who do not*
*receive service by CM/ECF and file a proof of service within three days of entry of this order.*

# EXHIBIT A

```
             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

- - - - - - - - - - - - - - x
IN RE:                      :
                            :
HOWARD AVENUE STATION, LLC  :  Case No. 8:12-bk-08821-CPM
                            :          Chapter 11
              Debtor        :
- - - - - - - - - - - - - - x
HOWARD AVENUE STATION, LLC  :
             Plaintiff      :
  vs.                       :  Adversary 8:14-ap-1070-CPM
                            :
FRANK KANE, et al           :
             Defendants     :
- - - - - - - - - - - - - - x   U.S. Courthouse
                                801 N. Florida Avenue
                                Tampa, Florida
                                February 11, 2021
                                10:05 A.M.
```

**EXCERPT OF ZOOM/TELEPHONIC HEARING**
**Court's Oral Ruling**

**Case No. 8:12-bk-8821:**
1-Status Conference;

**Adv. 8:14-ap-1070:**
1-Status Conference;
2-Motion to Dismiss/Withdraw Document and for Abstention
in Response to Thomas Ortiz's (I) Response, Answer and
Affirmative Defenses to Frank Kane's Second Amended Proof
of Claim, Including Kane's More Definite Statement as to
Thomas Ortiz's Breaches and Defaults (Doc. 1000);
(II) Counterclaims, and (III) Demand for Jury Trial Filed
by Eric D. Jacobs on behalf of Defendant Frank Kane,
Third-Party Plaintiff Frank Kane (related document(s) 1002)
(Doc. 1070).


**BEFORE THE HONORABLE CATHERINE PEEK McEWEN**
**UNITED STATES BANKRUPTCY JUDGE**

*PROCEEDINGS RECORDED BY COURT PERSONNEL.*
*TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE*
*APPROVED BY ADMINISTRATIVE OFFICE OF U.S. COURTS.*

_____

**JOHNSON TRANSCRIPTION SERVICE**
6532 Thoroughbred Loop
Odessa, Florida 33556
(813) 920-1466

2

A P P E A R A N C E S:
(Everyone except Mr. Wheatley via Zoom or Phone re COVID)

For Frank Kane:                ERIC JACOBS, Esquire
                               Genovese, Joblove & Battista
                               100 SE 2nd Street, 44th Floor
                               Miami, Florida  33131
                               (305) 349-2300
                               ejacobs@gjb-law.com


Special Litigation
Counsel to Debtor:             HEATHER DeGRAVE, Esquire
                               Walters Levine, PA
                               601 Bayshore Boulevard, Suite 720
                               Tampa, Florida  33606
                               (813) 254-7474
                               hdegrave@walterslevine.com

Special
For Third-Party
Defendants PNC
Investments, LLC,
The Block in SoHo,
LLC and VMOB, LLC:             LEON A. WILLIAMSON, JR., Esquire
                               Leon A. Williamson, Jr., P.A.
                               306 S. Plant Avenue, Suite B
                               Tampa, Florida  33606
                               (813) 253-3109
                               leon@lwilliamsonlaw.com


For Tommy Ortiz:               THOMAS ORTIZ, Pro Se
                               303 South Melville Avenue
                               Tampa, Florida 33606
                               (813) 714-8085
                               TommyO@thehydeparkcafe.com


Also Present:                  Frank Kane

1    **E X C E R P T**

2    (Hearing commenced at 10:05 a.m. with appearances)

3         COURTROOM CLERK:  Howard Avenue Station, LLC, Case

4    12-8821 and Adversary 14-1070.

5         THE COURT:  All right.  We have one phone

6    appearance and I'll take that first.

7         MR. ORTIZ:  Good morning, Your Honor.  Tommy

8    Ortiz --

9         THE COURT:  All right.

10        MR. ORTIZ:  -- appearing pro se.

11        THE COURT:  And then we have -- on Zoom, I've got

12   Becky Ferrell-Anton.  Go ahead.  And you can make your

13   appearance.

14        (No response.)

15        MR. JACOBS:  She's on mute, Your Honor, and she's

16   trying.

17        THE COURT:  Yes, I can tell she's trying to figure

18   it out.

19        MS. FERRELL-ANTON:  Sorry.  I had a lot of

20   technical difficulties this morning, as you can see, Your

21   Honor, and I apologize.  I am here for the Debtor Howard

22   Avenue Station.

23        THE COURT:  All right.  Then I have Eric Jacobs.

24        MR. JACOBS:  Good morning, Your Honor.  Eric

25   Jacobs on behalf f creditor Frank Kane, who I believe is

4

1   listening on the phone.

2          THE COURT:  All right.  Then Leon Williamson.

3          MR. WILLIAMSON:  Good morning, Your Honor.  Leon

4   Williamson, Jr. On behalf of interested parties:  PNC

5   Investments, LLC, The Block in Soho, LLC, and VMOB, LLC.

6          THE COURT:  All right.  Then I have, let's see,

7   Heather DeGrave.

8          MS. DeGRAVE:  Good morning, Your Honor.  Heather

9   DeGrave, special litigation counsel for the Debtor.

10          THE COURT:  I have, last but not least,

11   Mr. Meacham.

12          MR. MEACHAM:  Good morning, Your Honor.  Attorney

13   Bart Meacham here on behalf of the Debtor.  Am I coming in

14   loud and clear, Your Honor?

15          THE COURT:  No, you're very faint.

16          (Discussion off record re technical issue.)

17          And also we have in the courtroom?

18          MR. WHEATLEY:  Nathan Wheatley for the United

19   States Trustee.

20                    * * * * *

21   (The following Excerpt of Ruling commenced at 11:20 a.m.)

22          THE COURT:  So, let me recap now.  I think that

23   what I should do is just have the affirmative defenses be

24   repleaded so that what we'll be left with is we'll have the

25   answer and we'll have newly pleaded affirmative defenses on

5

1  the record.

2          MR. JACOBS:  I agree, Judge.

3          THE COURT:  I'm striking the counterclaims -- or

4  not striking them, I'm abstaining from them without

5  prejudice for him to bring them somewhere else.

6          The affirmative defenses need to be repleaded with

7  a lawyer.  I'm going to leave -- let me recap.

8          I'm going to leave in No. 1, but a lawyer should

9  take a hard look at that on whether that is an inaccurate

10  statement of the record of how these proceedings have come

11  down.

12          Number 2 needs to be repleaded to make sense of

13  how a lease that's not reformed, which I thought it was

14  reformed, creates an estoppel.

15          Number 3 is okay.

16          Number 4, 5 and 6 need to be repleaded for the

17  same reasons as No. 2.

18          Number 7 is okay.

19          Number 8 needs to be repleaded.

20          And No. 9 needs to be repleaded for the same

21  reasons as No. 2, 4, 5 and 6.

22          Number 10 is okay.

23          Rather than have Mr. Jacobs reply to No. 11, I

24  would ask Mr. Jacobs to supply Mr. Ortiz with the

25  information in the record that would show a lawyer that 11

6

1    would not be well-taken.  So, as with Affirmative Defense

2    No. 1, 11 needs to be reconsidered by a lawyer as to whether

3    that's a fair statement to be made under the constraints of

4    Rule 9011.

5          Number 12 is okay.

6          Number 13 needs to be repleaded with specificity

7    as to which causes of action or equitable claims are barred

8    by which statute of limitations, specifically giving the

9    date so that somebody is capable of looking at the calendar

10   and doing the math.

11         Number 14 needs to be reviewed by the attorney to

12   see whether that is a legitimate affirmative defense that

13   can be signed off on under the constraints of Rule 9011.

14         I'm striking 15 as being multifarious, prolix, not

15   in compliance with a short and plain statement of a claim or

16   defense.  I'll do so without a prejudice if a lawyer feels

17   that there's something in there that could be salvaged.

18         I don't understand 16.  I would ask that

19   Mr. Jacobs supply Mr. Ortiz with his explanation of why what

20   is stated out here he believes is incorrect and we'll allow

21   a lawyer to determine whether anything in 16 needs to be

22   repleaded.

23         I'm striking 17 as being an inappropriate

24   affirmative defense and rather an evidentiary doctrine.

25         I'm striking 18 as being a denial.

1        Number 19 is basically a restatement of No. 3 and

2   needs to be packaged as such with No. 3.

3        Number 20 is stricken as being insufficient and 21

4   as well, with leave to replead.

5        That's the ruling on the affirmative defenses.

6        What I'll do is I'll ask Ms. Johnson's firm to

7   create a transcript just of my ruling on the affirmative

8   defenses that I just undertook by restating them.  That will

9   aid everybody in coming up with an appropriate order.

10        Mr. Jacobs, it's your motion.  You will include in

11   there that Mr. Ortiz is not to file any more papers with

12   this Court without a lawyer signing off on them.  I don't

13   even care if the lawyer has entered an appearance here so

14   much as saying that a lawyer has signed off on them, like

15   endorsed them, so that Mr. Ortiz himself, who is bound by

16   Rule 9011, does not -- because of his pro se status does not

17   run afoul of it.

18        MR. JACOBS:  Understood, Judge.  I'll prepare it.

19   Do you want --

20        MR. ORTIZ:  Your Honor, can I put something on the

21   record, please?

22        THE COURT:  Say what you want.

23        MR. ORTIZ:  I am not agreeable to being a part of

24   the proof of claim.  When we originally started with the

25   proof of claim, I had all rights as a defendant.  The

8

1   agreement was that Mr. Kane would bring me into the proof of

2   claim, sue me.  It was supposed to be like a complaint.  I

3   would then respond accordingly.  That didn't happen until

4   almost five years.

5        We finally get it.  Now my counterclaims are being

6   stricken; that I have to go to a different court to have my

7   counterclaims.  I agree that it should be in two different

8   courts.

9        So if Mr. Kane doesn't want my counterclaims to be

10  before the federal court, I've got no problems.  Then he

11  needs to sue me in state courts and we can have all of our

12  fights, me and Mr. Kane, in the state courts.

13       But I am not agreeable, and never was agreeable,

14  to be a part of a proof of claim where I don't get to have

15  my counterclaims, permissive or compulsory, to be heard.  I

16  was willing to go with the permissive parts.  And now my

17  compulsory counterclaims are not being heard.  I'm not

18  agreeable to that.

19       That wasn't the agreement that him and I agreed to

20  back some five years ago.  So, that is not fair to me.  I

21  shouldn't have to fight in two different courts.

22       THE COURT:  Sir, you're fighting in two different

23  courts as it is.  You're the principal between Howard Avenue

24  Station.

25       I am not going to let you proliferate the

1   litigation before this Court on every new communication or

2   activity that you have in engaging Frank Kane.  I'm not

3   going to do it.  There is no law that says I have to do it.

4   I only have to adjudicate the claims that are related to

5   things that were present basically on the date of the

6   Petition.

7          The things that happen in the Chapter 11 along the

8   way concerning loss of rights, those things happen in a

9   Chapter 11, talking about HAS.  You're here.  Permissive

10  counterclaims were never something that I said I would

11  entertain, because you will have claims every time you

12  interact with Mr. Kane.  I can't keep the courthouse doors

13  open in a limited jurisdiction court, such as the Bankruptcy

14  Court, for that purpose.  The roof leak has nothing to do

15  with the proof of claim.

16         So Mr. Jacobs will supply your attorney, whoever

17  that is, with the information about where the record shows

18  that you agreed to be a party defendant on the proof of

19  claim.  So, I am entertaining the things that are

20  compulsory.

21         I am not entertaining things that are not even

22  *Stern* claims, basically.  They're not inextricably

23  intertwined with resolving a proof of claim against the

24  estate.  It's totally a separate, new tort theory based on

25  the roof leak and those are already in state court.

10

1          Your own company is suing in state court.  So, I

2     don't know why you are complaining about being in two

3     courts.

4          I'm very close to converting this case, to tell

5     you the truth.  I'm going to give you a shot at getting your

6     pleadings in order, getting up to Judge Scriven.

7          I hope Ms. Ferrell-Anton has heard what I said

8     about conversion.

9          MS. FERRELL-ANTON:  I heard it, Your Honor.

10          THE COURT:  There is no reason for this Court to

11     continue to have an open door to any gripe that anybody has

12     because of a bad business relationship.

13          So, that's my ruling on the motion to dismiss and

14     for abstention, et cetera.

15          MR. ORTIZ:  Your Honor --

16          THE COURT:  And the fact of all of these appeals

17     on every single interlocutory order, it is a tremendous

18     waste of judicial resources.

19          So, see you Tuesday and we'll get as far as we

20     can, knowing that we will see some of these affirmative

21     defenses because I did not strike them.  We'll know where

22     those get pigeonholed and we'll work on the outline and,

23     hopefully, I'm praying, get this thing up to Judge Scriven

24     hopefully by the end of March.

25          MR. JACOBS:  Your Honor, on the order, do you want

11

1  me to break down what you ruled on each affirmative defense

2  or just state that the affirmative defenses are ruled per

3  your oral ruling today.

4          THE COURT:  If you wish, you may attach the

5  transcript where I will have an excerpt created that goes

6  through them, as I just did.

7          MR. JACOBS:  Thank you, Your Honor.

8          THE COURT:  Okay.  All right.  Then this hearing

9  is concluded.  We'll see you on Tuesday or hear you on

10  Tuesday, as the case may be.

11          (Whereupon, this concluded the requested excerpt

12  and the hearing concluded at 11:31 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25

12

1

CERTIFICATE


I, Kimberley S. Johnson, Certified Verbatim Reporter

Master, hereby certify that the foregoing is the official

transcript, prepared to the best degree possible from the

digital audio recording and logs provided by the court.

I further certify that I am neither counsel for, nor

related to, nor an employee of any of the parties to the

action in which this hearing was taken.

I further certify that I have no personal interest in

the outcome of the action.

SIGNED this 12th day of February, 2021.


_____
Kimberley S. Johnson, CVR-M
Certified Verbatim Reporter Master

| | |
|---|---|
| **From:** | cmecf_flmd_notification@flmd.uscourts.gov |
| **Sent:** | Wednesday, February 24, 2021 10:38 AM |
| **To:** | cmecf_flmd_notices@flmd.uscourts.gov |
| **Subject:** | Activity in Case 8:20-cv-02583-WFJ Ortiz v. Howard Avenue Station, LLC et al Order on Motion to Dismiss |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Middle District of Florida**

**Notice of Electronic Filing**

The following transaction was entered on 2/24/2021 at 10:38 AM EST and filed on 2/24/2021

| | |
|---|---|
| **Case Name:** | Ortiz v. Howard Avenue Station, LLC et al |
| **Case Number:** | 8:20-cv-02583-WFJ |
| **Filer:** | |
| **Document Number:** | 15(No document attached) |

**Docket Text:**
**ENDORSED ORDER granting [10] Motion to Dismiss. The Court has before it the motion to dismiss the appeal, the response by Mr. Ortiz, and the reply. The order appealed from was months before an appeal was filed. Bankruptcy Rule 8002 does not operated to continue, and roll over the appellate deadlines in the manner appellant proffers. The movant's reply explains this fully and notwithstanding the leniency that must be shown to pro se filers, the flexibility in the rules does not extend nearly this far. Appellant should have appealed the Order sought to be reviewed here within the timeframe set forth. Regettably, this appeal is simply well out of time, and the Clerk will dismiss it. Signed by Judge William F. Jung on 2/24/2021. (Jung, William)**

**8:20-cv-02583-WFJ Notice has been electronically mailed to:**

Amy D. Harris aharris.ecf@srbp.com

Leon Alva Williamson, Jr Leon@LwilliamsonLaw.com, service@LwilliamsonLaw.com

Eric David Jacobs ejacobs@gjb-law.com, btraina@ecf.courtdrive.com, btraina@gjb-law.com

Composite Exhibit 2

**8:20-cv-02583-WFJ Notice has been delivered by other means to:**

Thomas Ortiz
303 S. Melville Ave.
Tampa, FL 33606

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IN RE:
HOWARD AVENUE STATION, LLC,

      Debtor.

_____/

THOMAS ORTIZ,

      Appellant,

v.

FRANK R. KANE and HOWARD
AVENUE STATION, LLC,

      Appellees.

_____/

Case No. 8:20-cv-2584-TPB
Bankr. No. 8:12-bk-8821-CPM

## ORDER GRANTING APPELLEE
## FRANK R. KANE'S MOTION TO DISMISS APPEAL

This bankruptcy appeal is before the Court on Appellant Thomas Ortiz's *pro se* appeal of the Bankruptcy Court's May 28, 2020, order granting in part and denying in part debtor's motion for reconsideration. (Doc. 4-2). On January 29, 2021, Appellee Frank R. Kane filed a motion to dismiss, arguing – among other things – that the appeal is untimely. (Doc. 8). Appellant did not file a response. After reviewing the motion, the court file, and the record, the Court finds as follows:

On or around October 26, 2020, Appellant filed his amended notice of appeal. (Doc. 1). The order appealed from was entered on May 28, 2020 – nearly five months earlier. Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires an appellant to file a notice of appeal within fourteen days after entry of

the order being appealed.  The rule does not operate by continuing to roll over deadlines if subsequent motions are filed, subsequent orders are entered, or even if subsequent appeals are taken.  Although courts treat the filings of *pro se* parties more leniently, this leniency cannot extend so far as to allow this appeal to proceed. Because the appeal is untimely, it must be dismissed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Appellee Frank R. Kane's Motion to Dismiss" (Doc. 8) is hereby **GRANTED**.

2. Appellant Thomas Ortiz's appeal is **DISMISSED** as untimely.

3. The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u> day of February, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

IN RE:
HOWARD AVENUE STATION, LLC,

     Debtor.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

THOMAS ORTIZ,

     Appellant,

v.                                                    Case No. 8:20-cv-2586-TPB
                                                      Bankr. No. 8:12-bk-8821-CPM

FRANK R. KANE and HOWARD
AVENUE STATION, LLC,

     Appellees.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

## ORDER GRANTING APPELLEE
## FRANK R. KANE'S MOTION TO DISMISS APPEAL

This bankruptcy appeal is before the Court on Appellant Thomas Ortiz's *pro se* appeal of the Bankruptcy Court's June 2, 2020, order granting motion to compel compliance with court orders and for sanctions. (Doc. 5-2). On January 29, 2021, Appellee Frank R. Kane filed a motion to dismiss, arguing – among other things – that the appeal is untimely. (Doc. 9). Appellant did not file a response. After reviewing the motion, the court file, and the record, the Court finds as follows:

On or around October 26, 2020, Appellant filed his amended notice of appeal. (Doc. 1). The order appealed from was entered on June 2, 2020 – nearly five months earlier. Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires an appellant to file a notice of appeal within fourteen days after entry of the order

being appealed.  The rule does not operate by continuing to roll over deadlines if subsequent motions are filed, subsequent orders are entered, or even if subsequent appeals are taken.  Although courts treat the filings of *pro se* parties more leniently, this leniency cannot extend so far as to allow this appeal to proceed.  Because the appeal is untimely, it must be dismissed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Appellee Frank R. Kane's Motion to Dismiss" (Doc. 9) is hereby **GRANTED**.

2. Appellant Thomas Ortiz's appeal is **DISMISSED** as untimely.

3. The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of February, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

IN RE:
HOWARD AVENUE STATION, LLC,

     Debtor.

_____/

THOMAS ORTIZ,

     Appellant,

v.

HOWARD AVENUE STATION, LLC,
VMOB, LCC, THE BLOCK IN SOHO,
LLC, PNC INVESTMENTS, LLC, and
FRANK R. KANE,

     Appellees.

Case No. 8:21-cv-557-TPB
Bankr. No. 8:12-bk-8821-CPM
Adv. No. 8:14-ap-1070-CPM

_____/

## ORDER DENYING APPELLANT THOMAS ORTIZ'S MOTION FOR EXTENSION OF TIME AND DISMISSING APPEAL

This bankruptcy appeal is before the Court on Appellant Thomas Ortiz's *pro se* appeal of the Bankruptcy Court's February 10, 2021, order on Thomas Ortiz's motion to dismiss and/or strike Frank R. Kane's second amended proof of claim 2-2. (Doc. 1).  On April 5, 2021, Ortiz filed a motion for extension of time to file a designation of the items to be included in the record and a statement of the issues to be presented.  (Doc. 5).  Appellees did not file a response.  After reviewing the motion, the court file, and the record, the Court finds as follows:

Composite Exhibit 3

Ortiz is no stranger to the process of prosecuting a bankruptcy appeal.  In fact, including this case, the Court is aware of *at least fourteen* different bankruptcy appeals filed by Ortiz.[1]  Yet, he continues to fail to comply with the bankruptcy rules.

Federal Rule of Bankruptcy Procedure 8009(a) provides:

> The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. The appellant must file and serve the designation and statement within 14 days after the appellant's notice of appeal as of right becomes effective under Rule 8002; or an order granting leave to appeal is entered.

Ortiz filed his notice of appeal on March 10, 2021.  (Doc. 1).  As such, he should have filed the designation and statement on or before March 24, 2021.  Instead, on April 1, 2021, an amended notice of bankruptcy appeal was filed.[2]  (Doc. 4).  The bankruptcy rules do not operate by continuing to roll over deadlines if an amended notice of appeal is filed.  Several days after that, Ortiz filed a motion for extension of time to file the designation and statement, but he has failed to provide good cause for such extension.  (Doc. 5).

The Court declines to waive the important procedural requirement of designating the record on appeal.  *See, e.g., In re Chesley*, No. 8:16-mc-67-T-33, 2016 WL 3344495, at *1 (M.D. Fla. June 15, 2016).  Although courts treat the filings of

---

[1] Appellant has filed the following bankruptcy appeals: 8:15-cv-1771-JSM, 8:16-cv-162-JSM, 8:19-cv-2492-WFJ, 8:20-cv-2580-CEH, 8:20-cv-2581-CEH, 8:20-cv-2583-WFJ, 8:20-cv-2584-TPB, 8:20-cv-2585-CEH, 8:20-cv-2586-TPB, 8:20-cv-2587-MSS, 8:20-cv-2879-CEH, 8:21-cv-431-CEH, 8:21-cv-557-TPB, 8:21-cv-759-TPB.  He has also proceeded as the appellee in at least one bankruptcy appeal: 8:20-cv-2780-CEH.

[2] It appears that the notice of appeal was amended only to include the order on appeal.  *See* (Docs. 1; 4).

*pro se* parties more leniently, this leniency cannot extend so far as to allow this appeal to proceed, particularly in light of Ortiz's history of voluminous filings and his failure to provide good cause for an extension of time.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Appellant Thomas Ortiz's Motion for Extension of Time to File a Designation of the Items to be Included in the Record and a Statement of the Issues to be Presented" (Doc. 5) is hereby **DENIED**.

2. Appellant Thomas Ortiz's appeal is **DISMISSED**.

3. The Clerk is directed to transmit a copy of this Order to the Bankruptcy Court, terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of April, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:
HOWARD AVENUE STATION, LLC,

      Debtor.

_____/

THOMAS ORTIZ,

      Appellant,

v.                                                          Case No. 8:21-cv-759-TPB
                                                            Bankr. No. 8:12-bk-8821-CPM
HOWARD AVENUE STATION, LLC,
VMOB, LCC, THE BLOCK IN SOHO,
LLC, PNC, LLC, and
FRANK R. KANE,

      Appellees.

_____/

## ORDER DISMISSING APPEAL

      This bankruptcy appeal is before the Court on Appellant Thomas Ortiz's *pro se* appeal of the Bankruptcy Court's February 26, 2021, amended order on Frank Kane's motion to dismiss and for abstention.  (Doc. 1).

      Ortiz is no stranger to the process of prosecuting a bankruptcy appeal.  In fact, including this case, the Court is aware of *at least fourteen* different bankruptcy appeals filed by Ortiz.[1]  Yet, he continues to fail to comply with the bankruptcy rules.

_____

[1] Appellant has filed the following bankruptcy appeals: 8:15-cv-1771-JSM, 8:16-cv-162-JSM, 8:19-cv-2492-WFJ, 8:20-cv-2580-CEH, 8:20-cv-2581-CEH, 8:20-cv-2583-WFJ, 8:20-cv-2584-TPB, 8:20-cv-2585-CEH, 8:20-cv-2586-TPB, 8:20-cv-2587-MSS, 8:20-cv-2879-CEH, 8:21-cv-

Federal Rule of Bankruptcy Procedure 8009(a) provides:

> The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. The appellant must file and serve the designation and statement within 14 days after the appellant's notice of appeal as of right becomes effective under Rule 8002; or an order granting leave to appeal is entered.

Ortiz filed his notice of appeal on March 13, 2021.  (Doc. 1).  He has failed to file the designation and statement, as required, and he has failed to request an extension of time to do so in this case.[2]

The Court declines to waive the important procedural requirement of designating the record on appeal.  *See, e.g., In re Chesley*, No. 8:16-mc-67-T-33, 2016 WL 3344495, at *1 (M.D. Fla. June 15, 2016).  Although courts treat the filings of *pro se* parties more leniently, this leniency cannot extend so far as to allow this appeal to proceed, particularly in light of Ortiz's history of voluminous filings, and his failure to request any extension of time in this case.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  Appellant Thomas Ortiz's appeal is **DISMISSED**.

---

431-CEH, 8:21-cv-557-TPB, 8:21-cv-759-TPB.  He has also proceeded as the appellee in at least one bankruptcy appeal: 8:20-cv-2780-CEH.

[2] In another of Ortiz's appeals, he requested an extension of time to file the designation of the record and statement of the issues to be presented after the deadline to file these documents expired.  In his motion, he failed to present good cause for his failure to comply with the deadline.  The Court denied that request and dismissed that appeal.  *See Ortiz v. Howard Avenue Station, LLC*, No. 8:21-cv-557 (M.D. Fla. 2021).

2.  The Clerk is directed to transmit a copy of this Order to the Bankruptcy

Court, terminate any pending motions and deadlines, and thereafter close

this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of

April, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**