ORDERED.

**Dated:  June 16, 2021**

Catherine M. Ewen

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

HOWARD AVENUE STATION, LLC,            Case No. 8:12-bk-8821-CPM
                                       Chapter 11
        Debtor.

_____/

## ORDER GRANTING MOTION TO STRIKE THOMAS ORTIZ'S
## STATEMENT OF ISSUES AND DESIGNATION OF RECORD ON APPEAL

THIS CASE came on for consideration of Frank Kane's Motion to Strike Thomas Ortiz's

Statement of Issues to be Presented and Designation of Record on Appeal Relating to Case No.

8:21-cv-00431-CEH (the "Motion") (Doc. No. 1302), seeking to strike Appellant Thomas Ortiz's

Statement of Issues to be Presented in Appeal (the "Statement") (Doc. No. 1299) and Thomas

Ortiz's Designation of Record on Appeal (the "Designation") (Doc. No. 1300).  The record

reflects that Mr. Ortiz filed the notice of appeal to which the referenced filings relate (the

"Notice of Appeal") (Doc. No. 1249) on February 2, 2021, and he filed the Statement and the

Designation on May 10, 2021.

Under Rule 8009(a)(1)(B), Federal Rules of Bankruptcy Procedure, the Statement and

Designation *must* be filed "within 14 days after: (i) the appellant's notice of appeal as of right

becomes effective under Rule 8002;[1] or (ii) an order granting leave to appeal is registered."[2] Here, the Statement and Designation were filed more than three months after the Notice of Appeal.

Furthermore, as pointed out in the Motion, on March 1, 2021, the Court entered an order[3] barring Mr. Ortiz from filing anything else in this Court unless the filing is signed by a licensed Florida attorney as having been prepared and/or reviewed with the assistance of counsel. Neither the Statement nor the Designation include an attorney's signature.

Accordingly, it is

**ORDERED:**

1.	The Motion is GRANTED, and the Statement and the Designation are both stricken.

2.	Upon entry of this order, the Clerk is directed to transmit to the district court only those applicable items required to be included in the record on appeal under Rule 8009(a)(4), Federal Rules of Bankruptcy Procedure, which items shall not include the tardy Statement and Designation.

3.	This order is without prejudice to Mr. Ortiz's seeking relief in the district court to file the Statement and to Designation out of time.

The Clerk is directed to serve a copy of this order on Thomas Ortiz.  Otherwise, service shall be by CM/ECF only.

---

[1] *See* Fed. R. Bankr. P. 8002 (describing circumstances under which the effective date of a notice of appeal may be extended, none of which applies here).

[2] No motion for leave to appeal was filed, and deadline for doing so has passed. *See* Fed. R. Bankr. P. 8004(a)(1).

[3] *See* Amended Order on Frank Kane's Motion to Dismiss and for Abstention entered in related Adversary Proceeding No. 8:14-ap-1070-CPM (Doc. No. 1028) ("3.  Ortiz is prohibited from filing any further papers, causes of action or claims in the United States Bankruptcy Court without a member in good standing with the Florida Bar signing the paper, as having been prepared and/or reviewed with and/or by the assistance of counsel.").