UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ORTIZ,

    Appellant,

v.                                   Case No: 8:21-cv-431-CEH

HOWARD AVENUE STATION, LLC, VMOB, LLC, BLOCK IN SOHO, LLC, PNC, LLC and FRANK R. KANE,

    Appellees.
_____/

## ORDER

This matter comes before the Court upon Appellee Frank R. Kane's Motion to Dismiss Appeal [Doc. 8]. In the motion, Mr. Kane indicates that the appeal should be dismissed for Appellant Thomas Ortiz's failure to designate the record and failure to file his initial brief as required by Rules 8009(a) and 8018 of the Federal Rules of Bankruptcy Procedure. The Court, having considered the motion and being fully advised in the premises, will grant Appellee Frank R. Kane's Motion to Dismiss Appeal.

## BACKGROUND

The notice of appeal was filed by Appellant Thomas Ortiz in the United States Bankruptcy Court for the Middle District of Florida on February 2, 2021. [Doc. 1 at pp. 1, 3]. It was docketed in this Court on February 23, 2021. *Id.* In his Notice of Appeal, Mr. Ortiz indicated the appeal was of "the Order Denying Motion to Amend

'Order on Motion for Clarifications: Supplementing Orders at Docket Nos. 1111 and 1115.' " *Id.* at p. 1. On May 11, 2021, Mr. Ortiz filed his notice of designation to the bankruptcy court, listing the items to be included in the record on appeal. [Doc. 5; Doc. 5-1]. He also presented a statement of the issues to be presented on appeal. [Doc. 5-2]. The record on appeal was transmitted to this Court on June 17, 2021. [Doc. 6]. It included a copy of the order on appeal. [Doc. 6-2]. However, it did not include the items designated by Mr. Ortiz.[1] [Doc. 6].

    Mr. Kane filed the instant motion to dismiss on July 28, 2021. [Doc. 8]. There, he argues that Mr. Ortiz failed to designate the record as required by Rule 8009(a) and never sought an extension of time to file the designation of record on appeal. *Id.* ¶¶ 1, 2, 3-8. He also argues that Mr. Ortiz failed to file his initial brief as required by Rule 8018 and has yet to request an extension of the deadline. *Id.* ¶ 1, 9-13. He further argues that failure to comply with these requirements warrants dismissal of this appeal. *Id.* ¶¶ 5, 13. Having received no response to the motion to dismiss, the Court directed Mr. Ortiz, on September 24, 2021, to file a response by or before October 8, 2021. [Doc. 8]. Appellant has failed to respond.

---

[1] Mr. Kane moved to strike the statement of issues and designation of record on appeal as grossly untimely, among other grounds. [Doc. 6-3 at pp. 4-5]. However, the record does not include an order on that motion. But, it includes an earlier order from the bankruptcy court which granted, in part, a motion to dismiss filed by Mr. Kane and prohibited Mr. Ortiz "from filing any further papers, causes of action or claims in . . . without a member in good standing with the Florida Bar signing the paper, as having been prepared and/or reviewed with and/or by the assistance of counsel." *Id.* at p. 16, ¶ 3.

## DISCUSSION

The Federal Rules of Bankruptcy Procedure impose a number of obligations on a party seeking review of the decision of a bankruptcy court. First, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed," except as provided by the Rules. Fed. R. Bankr. P. 8002. The appellant must then file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented, within 14 days after (i) the notice of appeal as of right becomes effective under Rule 8002 or (ii) an order granting leave to appeal is entered. Fed. R. Bankr. P. 8009(a)(1). Next, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). The Rules further provide that "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal." Fed. R. Bankr. P. 8018(4).

The Court agrees with Mr. Kane that dismissal of this appeal is warranted. Though courts show leniency to *pro se* litigants, they are still required to conform to procedural rules. *Jacox v. Dep't of Def.*, 291 F. App'x 318 (11th Cir. 2008); *Moreno v. Serco Inc.*, 734 F. App'x 656, 658 (11th Cir. 2018) ("*[P]ro se* litigants must still follow procedural rules"). In this case, Mr. Ortiz has failed to comply with procedural rules necessary to the prosecution of his appeal. As Mr. Kane points out, Appellant did not meet the February 16, 2021 deadline to designate the record, the notice of appeal

having been filed February 2, 2021, and did not move the Court to extend this deadline. Notably, the documents that were designated by Mr. Ortiz were not transmitted as part of the record because of this. Likewise, Mr. Ortiz has not complied with the requirement that the appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically. A copy of the notice of filing bankruptcy appeal was mailed to Mr. Ortiz on June 17, 2021. *See* Doc. 7. And the order directing a response to the motion to dismiss was mailed to Mr. Ortiz, which would have put him on notice and prompted him to respond and raise any issue regarding the failure to file his brief on time.[2] He has not filed a response, which further shows an indifference to the rules of this Court and the prosecution of this appeal.

In *Lawrence v. Educ. Credit Mgmt. Corp.*, 522 F. App'x 836, 839 (11th Cir. 2013), the court stated that "[i]f an appellant fails to take any necessary step in a bankruptcy appeal before the district court (except for timely filing a notice of appeal), that failure . . . is grounds 'for such action as the district court ... deems appropriate, which may include dismissal of the appeal.' " *See also* Fed. R. Bankr. P. 8003 (stating same). Additionally, Rule 8018(4) makes clear, the Court may dismiss an appeal "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP." Fed. R. Bankr. P. 8018(4). *See generally Lawrence v. Educ. Credit Mgmt. Corp.*, 522 F. App'x 836, 839 (11th Cir. 2013) (holding that district court did not

---

[2] The motion to dismiss was also mailed to Mr. Ortiz by First Class U.S. Mail. [Doc. 8 at p. 4].

4

abuse its discretion in dismissing Lawrence's bankruptcy appeal for failure to file an initial brief and reasoning that there was a complete failure to take any steps to prosecute the appeal before the district court); *Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1342 (11th Cir. 2004) ("Because Johnson failed to file a brief on appeal, we DISMISS his appeal for failure to prosecute."). As such, dismissal of Mr. Ortiz's appeal, for failure to timely designate the record on appeal and file the initial brief as required by the Federal Rules of Bankruptcy Procedure, is appropriate.

Accordingly, it is hereby **ORDERED**:

1. Appellee Frank R. Kane's Motion to Dismiss Appeal [Doc. 8] is GRANTED. This appeal is dismissed, in accordance with Rules 8003(a)(2) and 8004, Federal Rules of Bankruptcy Procedure, for Appellant Thomas Ortiz's failure to timely designate the record on appeal and failure to file the initial brief.

2. The Clerk is directed to terminate all pending motions as moot and to close this case.

**DONE AND ORDERED** in Tampa, Florida on October 29, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any